PER CURIAM:
The claimants brought this action for damage to there 1996 Dodge Intrepid which occurred when claimant Linda Golden was driving the vehicle and it struck a large hole in the road on County Route 24 near Gypsy, Harrison County. This portion of County Route 24 is maintained by the respondent in Harrison County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on February 17, 2001, at approximately 4:45 p.m. Mrs. Golden was driving to her granddaughter’s birthday party in Shinnston. The weather was nice and the road was dry. County Route 24 is a heavily traveled two lane road. It is divided by a yellow line and is marked by white lines on the sides. Mrs. Golden testified that she was not very familiar with this road. She was traveling under the speed limit. Suddenly, without warning her left front tire struck a large hole in the travel portion of the road. She described the impact as being hard and loud. She stated that the hole was approximately fourteen to fifteen inches long and significantly deep. The vehicle sustained damage to the left front tire, wheel, and tie rods. The rack and pinion steering was damaged and the vehicle had to be realigned. Mrs. Golden submitted an invoice in the amount of $1,716.16. However, claimants had insurance coverage in place with a deductible of $250.00, which limits their recovery on this particular invoice to that amount. Mrs. Golden testified that the vehicle began making noises and did not handle as well as it had before the incident. Therefore, approximately five months later she had to take the vehicle back for more repairs. Claimants had to have the remaining three tires replaced so that the vehicle would handle correctly and maintain proper balance. Claimants assert that the incident at issue was the proximate cause of this additional damage to the three tires They did not have insurance coverage for these expenses and submitted an invoice in the amount of $377.59. During the time the claimant’s vehicle was being repaired, *64 they had to rent a vehicle for which they submitted an invoice in the amount of $144.00. There was insurance coverage available to pay for the rental expenses.
Respondent asserts that it did not have notice of this hole or a reasonable amount of time to make the necessary repairs. William H.Wyckoff testified that he has been employed by the respondent for ten years as the Assistant County Superintendent for Harrison County. His responsibilities include maintaining the roads, crew dispatch, and equipment dispatch. He is responsible for the maintenance of the section of County Route 24 where this incident occurred. Mr. Wyckoff testified that County Route 24 is a second priority road, but that it is heavily traveled. He stated that he and his crew were battling holes on County Route 24 during January and February 2001 due to the fact that a large number of coal trucks use this portion of County Route 24, as well as trucks going to and from a local land fill. Furthermore, there is heavy traffic going through this location to reach the Meadowbrook Mall and the FBI Center. Respondent introduced evidence thatithad applied two tons of cold mix asphalt on County Route 24 on January 23, 2001, two tons of cold mix asphalt were applied to County Route 24 and County Route 26 on January 29,2001. Then, on January 31, 2001 another two tons were applied.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Simms, 46 S.E.2d 811 (W.Va. 1947). For the respondent to be held liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to make adequate repairs. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Testimony adduced in this claim established that the respondent had constructive if not actual notice of the hole which claimants’ vehicle struck. Respondent knew that this was a heavily traveled road and that heavy coal and waste trucks travel the portion of County Route 24 at issue. Respondent was aware of a large number of holes on the road and had patched a large number of these holes just eighteen days prior to the claimants’ incident. The size of the hole and the fact that respondent had just patched this portion of road leads the Court to conclude that either this hole was not repaired or that the repair work was inadequate under the circumstances. Thus, the Court finds negligence on the part of the respondent and that this negligence was the proximate cause of the damages to claimants’ vehicle.
As to the damages incurred by the claimants, the Court has determined that the invoice for the immediate repair work constitutes the damages relative to the instant claim. Recovery for this invoice is limited to the amount of claimant’s insurance deductible of $250.00. The invoice for three tires replaced some five months after the incident is not compensable due to the lapse of time from the incident. The claimant was unsure whether or not the invoice for the vehicle rental was paid by her insurance carrier or whether she incurred this expense; therefore, the Court will not make this invoice a part of the award.
Accordingly, the Court makes an award to the claimants in the amount of $250.00.
Award of $250.00.